IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARRIS FARMS, LLC,[1] | ) | CASE NO. 17-81562-CRJ-12 |
| EIN: XX-XXX8466 | ) | CHAPTER 12 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

## CHAPTER 12 CONFIRMATION ORDER

      This matter came before the Court on February 12, 2018, by request of Harris Farms, LLC ("Debtor"), seeking confirmation of its *Second Amended Chapter 12 Plan* [Doc. 147] (the "Plan"), filed on November 21, 2017. Present at the hearing were Stuart M. Maples, counsel for Debtor; Richie and Sharron Harris, Principals of Debtor; Tazewell Taylor Shepard IV, counsel for the Chapter 12 Trustee; William M. Hancock, counsel for Darrin J. Isbell; Jeffrey L. Cook, counsel for Citizens Community Bank; and Chad W. Ayres, counsel for Madison County Cooperative, Inc.

      The Court, based upon the testimony presented, the arguments and representations of counsel, the pleadings of record, the agreement of the parties and all other matters brought before it hereby finds, determines, and concludes as follows:

      1.     On May 23, 2017 ("Petition Date"), Debtor filed a voluntary petition for relief under Title 11 of Chapter 12 of the United States Code, 11 U.S.C. § 101, et seq. ("Bankruptcy Code").

      2.     On May 23, 2017, Harris Turf Inc., filed a petition under Chapter 12 of the Bankruptcy Code in the Northern District of Alabama, Northern Division, Case No. 17-81563.

      3.     On June 27, 2017, this Court entered an Order granting Debtors' Motion for Joint Administration of Cases Involving Two Related Debtors, ECF No. 32.

      4.     The following Objections to Debtor's Plan were resolved during the Confirmation hearing as follows:

          (a)    Tazewell T. Shepard, in his Official Capacity as Chapter 12 Trustee ("Trustee"):

              i.   Objection withdrawn subject to the following language being inserted in treatment of Unsecured Claims of Debtor:

"The Principals' household budget shall be fixed for the five (5) year term of the Plan. Any surplus disposable income shall be distributed to the Trustee annually on or before March 31st of the following year. Any surplus disposable income at completion of the Principals' payment towards their daughter's college tuition shall be distributed to the Trustee.

---

[1] In addition to Harris Farms, LLC, the debtors include the following: Harris Turf Inc.; Case No. 17-81563-CRJ12.

ii. Objection withdrawn subject to all Plan payments being made by the Trustee.

(b) Darrin J. Isbell:

i. Isbell obtained an independent appraisal of the Property. L.B. Wright & Sons, Inc., Darrin J. Isbell's expert, determined the fair market value of the Property as of October 2, 2017, was $952,000.00.

ii. Objection withdrawn subject to the agreed secured claim of Darrin J. Isbell in the amount of $850,000.00, of which $780,000.00 is secured by a first lien on the real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and $70,000.00 secured by all irrigation equipment, parts, watering systems and their replacements.

(c) Madison County Cooperative, Inc.:

i. Madison County Cooperative, Inc. obtained an independent appraisal of the Property. Pettey & Associates, Madison Cooperative, Inc.'s expert, determined the fair market value of the Property as of September 29, 2017, was $890,000.00.

ii. Objection withdrawn subject to the agreed secured claim of $175,000.00 secured by the real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East.

(d) Citizens Community Bank

i. Debtor conceded to the secured claims of Citizens Community Bank. Objections withdrawn.[2]

5. On March 5, 2018, the Debtor filed its Third Amended Chapter 12 Plan, ECF No. 212, incorporating the changes set forth above.

6. The Debtor has continued its daily operations since the filing date. The Plan's financial assumptions are reasonable, and the projections appear to be obtainable. Based upon the testimony of the Debtor, there is a reasonable likelihood that the reorganized Debtor will be able to make the payments called for in the Third Amended Chapter 12 Plan and continue to operate successfully.

7. The provisions of 11 U.S.C § 1225 (a) have been met and all fees called for under 28 U.S.C. § 1930 have been paid.

8.

---

[2] For clarity, each of these changes have been inserted into the Plan which is titled and filed as Third Amended Plan.

**NOW, THEREFORE,** based upon the foregoing it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. The Debtor's Third Amended Chapter 12 Plan is **CONFIRMED**.

2. Pursuant to § 1227(a), the Debtor and all creditors are bound by the Third Amended Chapter 12 Plan, and the Debtor may, but shall not be required, to prepay any debt under the Third Amended Chapter 12 Plan without penalty.

3. Pursuant to § 1227(b), all property of the Debtor's estate shall vest in the Debtor on the confirmation date subject to the provisions of the Third Amended Chapter 12 Plan, and the Debtor shall be authorized to resume and conduct its normal course of business without being required to seek authority from the Court to borrow funds, to sell assets or to perform similar activities in the ordinary course of business so long as the interest of any and all creditors are protected, and in other respects to conduct its affairs as if the same were properly performed prior to the filing of the Chapter 12 petition. Pursuant to § 1227 (c), except as provided in the Third Amended Chapter 12 Plan, such property vests in the Debtor free and clear of any other claim or interest.

4. In accordance with the provisions of the Plan, the Court shall retain jurisdiction of this case until the Third Amended Chapter 12 Plan has been substantially consummated and the case closed.

**IT IS SO ORDERED** this the 8th day of March, 2018.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Prepared by:

Stuart M. Maples
*/s/ Stuart M. Maples*

Consented to by:

William M. Hancock
*/s/ William M. Hancock* (e-signed with consent)

Jeffrey L. Cook
*/s/ Jeffrey L. Cook* (e-signed with consent)

Chad W. Ayres
*/s/ Chad W. Ayres* (e-signed with consent)