NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARRIS FARMS, LLC,[1] | ) | CASE NO. 17-81562-CRJ12 |
| EIN: XX-XXX8466 | ) | CHAPTER 12 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

## **FIFTH AMENDED CHAPTER 12 PLAN**

COME NOW Harris Farms, LLC ("Farms") and Harris Turf, Inc. ("Turf"), as debtors and debtors-in-possession (cumulatively "Debtors") in the above-styled Chapter 12 cases, procedurally consolidated by Order dated June 28, 2017, pursuant to 11 U.S.C. § 1223, and submit this Fifth Amended Chapter 12 Plan.

**I.** **Funding for Plan.** Farms submits all of its future disposable income to the extent necessary to consummate this Chapter 12 Plan by paying priority and secured claims pursuant to the terms set out herein. Turf's only cash flow is from the lease of its agricultural property to Farms, which is a pass through of costs associated with the real property. Farms specifically reserves all future income necessary for living expenses of its owners, Richie and Sharon Harris, and operating expenses; and for direct, long-term payment of secured claims.

**II.** **Unclassified Claims.** Pursuant to 11 U.S.C. § 1222(a)(3), the claims in this case are classified for the purpose of similar treatment within each class as follows:

A. <u>Administrative claims.</u> This class consists of all administrative expense claims of the Debtors' Chapter 12 case allowed pursuant to § 503(b) of the Code and given priority in accordance with §507(a)(1) of the Bankruptcy Code. This group of claims is divided into the following sub-classes:

(a) Any noticing fees and other charges due to the Clerk of Court for: (1) Farms and (2) Turf;

(b) A fee and reimbursement of expense for the Chapter 12 Trustee for: (1) Farms and (2) Turf;

(c) Professional compensation and reimbursement of expenses for the Debtors' attorney in amounts to be determined by the Court upon notice and a hearing for: (1) Farms and (2) Turf; and

---

[1] In addition to Harris Farms, LLC, the debtors include the following: Harris Turf Inc.; Case No. 17-81563-CRJ12.

1

(d)  Any other priority claims which are timely filed and subsequently allowed by the Court for: (1) Farms and (2) Turf.  (Other than provided in item B. below, the Debtors do not expect any claims in this sub-class to be filed.)

B.  <u>Priority claims.</u>

<u>Harris Farms, LLC</u>:  This class consists of the priority claim of Madison County Tax Collector for unpaid 2017 property tax in the approximate amount of $180.23.

<u>Harris Turf, Inc.</u>:  This class consists of the priority claim of:

(1)  Internal Revenue Service for unpaid income tax in the approximate amount of $15,016.53; however, Turf intends to object to the claim of the IRS; and

(2)  Madison County Tax Collector from Turf for unpaid 2017 property tax in the approximate amount of $882.04.

## III.  **Classified Claims.**

### Class 1:  **Secured Claims of Harris Farms, LLC**

<u>Class 1(a): Kubota Credit Corporation.</u>  This class consists entirely of the secured claim of Kubota Credit Corporation whose claim is secured by one (1) Kubota M7060HD 63496 Land Pride and one (1) Land Pride AMF4216 1073733.

Class 1(b): [intentionally omitted]

<u>Class 1(c): Citizens Community Bank.</u>  This class consists entirely of the secured claim no. 9 of Citizens Community Bank whose claim is secured by all crops growing, grown and/or stored and the proceeds of the sale thereof.

<u>Class 1(d): Citizens Community Bank.</u>  This class consists entirely of the secured claim no. 10 of Citizens Community Bank whose claim is secured by growing sod on farm located in District 3 of Madison County, Alabama, and all equipment and the proceeds of the sale thereof.

<u>Class 1(e): First Jackson Bank.</u>  This class consists entirely of the secured claim of First Jackson Bank whose claim is secured by the following: one (1) 2000 Wilson Hopper Trailer, VIN 1W1MCF1A5YB231095.

Class 1(f): [intentionally omitted]

2

Class 1(g): Darrin J. Isbell. This class consists of the agreed secured claim of Darrin J. Isbell in the amount of $850,000.00, of which $780,000.00 is secured by a first lien on the real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and $70,000.00 secured by all irrigation equipment, parts, watering systems and their replacements.

Class 1(h): FNB Bank. This class consists entirely of the secured claim no. 21 of FNB Bank whose claim is secured by the following: one (1) 2011 Valley Center Pivot, Serial 10908672; 1999 Valley Center Pivot, Serial 10018142; and one (1) 2000 Wilson Hopper Trailer, VIN 1W1MCF1AOYA230930.

Class 1(i): [intentionally omitted]

Class 1(j): [intentionally omitted]

Class 1(k): Madison County Coop. This class consists of the agreed secured claim of $175,000.00 secured by the real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East.

**Each creditor now omitted or modified due to surrender of collateral shall have (60) days to liquidate collateral and amend their respective claims to reflect deficiency balances.**

## Class 2:    Secured Claims of Harris Turf, Inc.

Class 2(a): Darrin J. Isbell.
This class consists of the agreed secured claim of Darrin J. Isbell in the amount of $850,000.00, of which $780,000.00 is secured by a first lien on the real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and $70,000.00 secured by all irrigation equipment, parts, watering systems and their replacements. The balance of the Isbell claim will be treated as unsecured.

Class 2(b): Madison County Coop.
This class consists of the agreed secured claim of $175,000.00 secured by the real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East. The balance of the Coop claim will be treated as unsecured.

## Class 3:    Unsecured Claims

Class 3(a): Unsecured Claims of Farms. This class consists of any pre-petition unsecured claims concerning Farms's farming operation. They include claims of every kind and nature including claims arising from the rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damage claims or open account claims and damages arising from or related to any liquidated or contingent claim. It also includes any debt which is filed as a secured claim but,

3

which is allowed as an unsecured claim by the Bankruptcy. The Debtor anticipates that this sum will be approximately $593,580.43.

Class 3(b): Unsecured Claims of Turf. This class consists of any pre-petition unsecured claims concerning any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy. The Debtor anticipates that this sum will be approximately $152,078.88.

IV.   **Treatment of Claims.** The various classes of claims described above shall receive the following treatment under the confirmed Plan, to wit:

A.   Administrative claims. Pursuant to 11 U.S.C. § 1222(a), Debtors shall tender cash payments in full of all claims entitled to priority under 11 U.S.C. § 507(a)(1) upon entry of a final Order confirming the Plan. The amount of such claims shall be established as follows:

(a)   The Debtors shall pay noticing fees in an amount according to a bill or certificate of charges due from the Clerk of the Court. This amount is estimated to be less than $100.00 dollars.

(b)   The Debtors shall pay the Trustee his compensation and reimbursement of his expenses.

(c)   The Debtors shall pay its attorney an amount approved by the Court for compensation and reimbursement of expenses after a notice and hearing upon proper application by said attorney. The amount of professional compensation due at confirmation is estimated to be approximately $27,500.00.

B.   Priority claims.

Harris Farms, LLC: This class consists of the priority claim of Madison County Tax Collector from Farms for unpaid 2017 property tax in the approximate amount of $180.23. Harris shall tender cash payment in full of all claims entitled to priority under 11 U.S.C. § 507(a)(2) through (a)(8) 30 days after confirmation of the plan.

Harris Turf, Inc.: This class consists of the priority claim of:

(1)   Internal Revenue Service for unpaid income tax in the approximate amount of $15,016.53. Turf shall tender cash payments in full of all claims entitled to priority under 11 U.S.C. § 507(a)(2) through (a)(8) of the Bankruptcy Code over sixty (60) months from the date of confirmation with no interest. The estimated payment will be $250.28 per month. This payment will be made through the Trustee. However, Turf intends to object to the claim of the IRS.

4

(2)    Madison County Tax Collector for unpaid 2017 property tax in the approximate amount of $882.04. Turf shall tender cash payment in full of all claims entitled to priority under 11 U.S.C. § 507(a)(2) through (a)(8) 30 days after confirmation of the plan.

**Class 1:**    **Secured Claims of Harris Farms, LLC**

Class 1(a): Kubota Credit Corporation. As of May 23, 2017, Debtor owes Kubota Credit Corporation("Kubota") the approximate sum of $51,495.06 which is secured by one (1) Kubota M7060HD 63496, and one (1) Land Pride AMF4216 1073733. The Debtor will pay Kubota its allowed claim over the course of sixty (60) months, which includes interest at the rate of 5.25%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Kubota is paid in full. Kubota shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements. The estimated payment shall be $977.68 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

Class 1(b):  [intentionally omitted]

Class 1(c): Citizens Community Bank. As of May 23, 2017, Debtor owes Citizens Community Bank the approximate sum of $277,719.61 which is secured by all crops growing, grown and/or stored and the proceeds of the sale thereof. This debt is comprised of one (1) note and/or security agreement. The Debtor will pay Citizens Community Bank its allowed claim over the course of two hundred and forty (240) months, in monthly installments, which includes interest at the rate of 5.25%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Citizens Community Bank is paid in full. Citizens Community Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements. The estimated payment shall be $1,871.40 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

Class 1(d): Citizens Community Bank. As of May 23, 2017, Debtor owes Citizens Community Bank the approximate sum of $102,842.16 which is secured by growing sod on farm located in District 3 of Madison County, Alabama, and all equipment and the proceeds of the sale thereof. This debt is comprised of one (1) note and/or security agreement. The Debtor will pay Citizens Community Bank its allowed claim over the course of two hundred and forty (240) months, in monthly installments, which includes interest at the rate of 5.25%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Citizens Community Bank is paid in full. Citizens Community Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination

statements. The estimated payment shall be $693.00 per month. This payment will be made by the Trustee.

Class 1(e): First Jackson Bank. As of May 23, 2017, Debtor owes First Jackson Bank the approximate sum of $15,000.00 which is secured by the following: one (1) 2000 Wilson Hopper Trailer, VIN 1W1MCF1A5YB231095. The Debtor will pay First Jackson Bank its allowed secured claim over the course of forty-eight (48) months, which includes interest at the rate of 6%. Payments shall continue for the remaining term of the Plan and shall continue until the debt owed to First Jackson Bank is paid in full. First Jackson Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements. The estimated payment shall be $352.28 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

Class 1(f):[intentionally omitted]

Class 1(g): Darrin J. Isbell. As of May 23, 2017, Debtor owes Darrin J. Isbell the approximate sum of $850,000.00 which is secured by the following: real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and all irrigation equipment, parts, watering systems and their replacements. This debt is comprised of one (1) note and/or security agreement. The Debtor will pay Darrin J. Isbell his Allowed Secured Claim over the course of two hundred and forty (240) months, which includes interest at the rate of 6.5%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Darrin J. Isbell is paid in full. Darrin J. Isbell shall retain his lien upon this collateral until his Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases. The estimated payment shall be $6,337.37 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

The Isbell Claims shall be paid as secured in the amount of $850,000.00 at 6.50% interest and as unsecured in the amount of $50,840.75.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors. However, Farms, as the operating entity, is anticipated to make these payments. Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Class 1(h): FNB Bank. As of May 23, 2017, Debtor owes FNB Bank the approximate sum of $65,000.00 which is secured by the following: one (1) 2011 Valley Center Pivot, Serial 10908672; 1999 Valley Center Pivot, Serial 10018142; and one (1) 2000 Wilson Hopper Trailer, VIN 1W1MCF1AOYA230930. The Debtor will pay FNB Bank its allowed secured claim over the course of forty-eight (48) months, which includes interest at the rate of 6%. Payments shall continue for

6

the remaining term of the Plan until the debt owed to FNB Bank is paid in full. FNB Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements. The estimated payment shall be $1,526.53 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

Class 1(i): [intentionally omitted]

Class 1(j): [intentionally omitted]

Class 1(k) Madison County Cooperative, Inc. As of May 23, 2017, Debtor owes Madison County Coop the approximate sum of $175,000.00 which is secured by a second mortgage on the following: real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East. This debt is comprised of one (1) note and/or security agreement. The first mortgage to Darrin J. Isbell is $850,000.00. The Trustee will pay Madison County Coop its Allowed Secured Claim over the course of two hundred and forty (240) months, which includes interest at the rate of 5.25%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to the Madison County Coop is paid in full. Madison County Coop shall retain its lien upon this collateral until its Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases. The estimated payment shall be $1,179.23 per month. The Creditor shall retain its lien to the extent of its allowed secured claim.

The Madison Coop Claims shall be paid as secured in the amount of $175,000.00 at 5.25% interest and as unsecured in the amount of $93,878.44.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors. However, Farms, as the operating entity, is anticipated to make these payments. Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

**Each creditor now omitted or modified due to surrender of collateral shall have (60) days to liquidate collateral and amend their respective claims to reflect deficiency balances.**

**Class 2:    Secured Claims of Harris Turf, Inc.**

Class 2(a): Darrin J. Isbell. As of May 23, 2017, Debtor owes Darrin J. Isbell the approximate sum of $850,000.00 which is secured by the following: real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and all irrigation equipment, parts, watering systems and their replacements. This debt is comprised of one (1) note and/or security agreement. The Debtor will pay Darrin J. Isbell his Allowed Secured Claim over the course of

7

two hundred and forty (240) months, which includes interest at the rate of 6.5%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Darrin J. Isbell is paid in full. Darrin J. Isbell shall retain his lien upon this collateral until his Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases. The estimated payment shall be $6,337.37 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

The Isbell Claims shall be paid as secured in the amount of $850,000.00 at 6.50% interest and as unsecured in the amount of $50,840.75.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors. However, Farms, as the operating entity, is anticipated to make these payments. Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Class 2(b) Madison County Cooperative, Inc. As of May 23, 2017, Debtor owes Madison County Coop the approximate sum of $175,000.00 which is secured by a second mortgage on the following: real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East. This debt is comprised of one (1) note and/or security agreement. The first mortgage to Darrin J. Isbell is $850,000.00. The Trustee will pay Madison County Coop its Allowed Secured Claim over the course of two hundred and forty (240) months, which includes interest at the rate of 5.25%. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to the Madison County Coop is paid in full. Madison County Coop shall retain its lien upon this collateral until its Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases. The estimated payment shall be $1,179.23 per month. The Creditor shall retain its lien to the extent of its allowed secured claim.

The Madison Coop Claims shall be paid as secured in the amount of $175,000.00 at 5.25% interest and as unsecured in the amount of $93,878.44.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors. However, Farms, as the operating entity, is anticipated to make these payments. Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Total monthly Plan payment for Allowed Secured Claims is estimated to be approximately $13,253.71.

**Class 3:** **Unsecured Claims** Pursuant to 11 U.S.C. § 1222(b)(2), the Debtors elect to modify the rights of the holder of Unsecured Claims as follows:

8

Class 3(a): Unsecured Claims of Farms.  This class consists of any pre-petition unsecured claims concerning Farms's farming operation.  They include claims of every kind and nature including claims arising from the rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damage claims or open account claims and damages arising from or related to any liquidated or contingent claim.  It also includes any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy.  The Debtor anticipates that this sum will be approximately $364,343.86.

Farms proposes to initially pay sixty percent (60%) of "Net Plan Profit" of Farms, which would be Gross Income of Farms, less costs of farming operations, secured and priority plan payments, secured claims of Turf, and cost of living for the principals, for five (5) years[2].  These will be annual installments made by November 30th of the following year.  Attached as Exhibit A and Exhibit B are estimates by the Debtors of these costs.  The Principals household budget shall be fixed for the five (5) year term of the Plan.  *See* Ex. B.  It is anticipated that the annual payment to Allowed Unsecured Claims will be as follows:

Year 1: 77,318.86; Year 2: $86,470.06; Year 3: $97,615.66; Year 4: $97,615.66; Year 5: $97,615.66.

Annual payment will be distributed pro rata to Allowed Unsecured Claims.  The Debtors contend this represents the entire disposable incomes of the Debtors.

Class 3(b): Unsecured Claims of Turf.  This class consists of any pre-petition unsecured claims concerning any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy.  The Debtor anticipates that this sum will be approximately $129,343.81.  Turf is a passive entity, and therefore has no expectation of future income.  The secured portions of the claims will be secured and the Allowed Unsecured Claim will receive $0.  The Debtor notes, however, that the unsecured claims in Turf are Darrin J. Isbell and Madison County Cooperative, Inc., which also have the same unsecured claims in Farms, and will receive distributions there.

**V.     Summary of Debtor's Operations.**  The Debtors operate a sod farm and provide some agricultural transportation to other farmers in the area.  The Debtors own 206 acres.  Of this total acreage, 160 sod acres are under cultivation.  The Debtors receive farm income for this work and anticipate receiving assistance with plan payments.

---

[2] The remaining forty present (40%) of Net Plan Profits is reserved for taxes and capital needs.  Any surplus disposable income shall be distributed to the Trustee annually on or before March 31 of the following year.  The Debtor will provide its tax returns and financials to the Trustee contemporaneous to each November/March payment.  Any surplus disposable income at completion of the Principles' payment towards their daughter's college tuition the shall be distributed to the Trustee.

9

**VI.** **Implementation of Plan.** Pursuant to 11 U.S.C.A.§ 1203, the Debtors shall continue its operation as debtors-in-possession. The Debtors will fund this Plan through five (5) annual payments from Farms, consisting of the Farms's disposable income (cost of the lease payments to Turf, to pay its secured and priority claims, will be deducted as an expense of Farms in order to calculate Farms's disposable income) made to the Trustee on or by November 30th of each year beginning after the Effective Date. The disposable income will be generated from farming operations. The Debtors may, without further Order of this Court, incur debt in the ordinary course of business during the term of this Plan as necessary to implement this Plan.

By or before the 10th day of the month following confirmation of this Plan, and continuing each month thereafter pursuant to the terms of this Plan, the Debtor will remit to the Trustee the sum of all payments due to the allowed secured claims for that month in this matter, along with the amount necessary to pay all pending administrative expenses (the "Secured Payment"). Upon funds from each Secured Payment clearing the Trustee's bank account and being available, and after the Trustee pays all pending administrative expenses, he will make distributions to the allowed secured claims.

By or before the 10th day of the month following confirmation of this Plan, and continuing each month thereafter pursuant to the terms of this Plan, the Debtor will remit to the Trustee the sum of all monthly payments due to the allowed priority tax claims for that month in this matter and the amount necessary to pay all pending administrative expenses (the "Tax Payment"). Upon funds from each Tax Payment clearing the Trustee's bank account and being available, and after the Trustee pays all pending administrative expenses, he will make distributions to the allowed priority tax claims.

Upon receiving each annual Net Plan Profit and surplus disposable income payment, as described in the Plan above, and upon funds clearing the Trustee's bank account and being available, and after the Trustee pays all pending administrative expenses, he will make a pro-rata disbursement to the allowed unsecured claims, as proscribed by this Plan.

The Trustee will be entitled to compensation in the amount of 5.0% of all payments received and reimbursement of expenses in the amount of 0.5% of all payments received for a total amount of 5.5% of each payment received (the "Trustee Compensation and Reimbursement"). The Trustee will be entitled to Trustee Compensation and Reimbursement on each and every payment at the time it is received from the Debtor and may be paid without further order from the Bankruptcy Court.

**VII.** **Liquidation Analysis.** *See* Exhibit C attached hereto.

**VIII.** **Miscellaneous terms.** The following additional plan terms and conditions apply herein:

    (a)    Modification of Rights. Pursuant to 11 U.S.C. § 1222(b)(2), the Debtors elects to modify the rights of the holder of all secured claims by waiving any and all pre-confirmation defaults under the Loans or Security Agreements held by the secured creditors.

(b)    <u>Lien Retention.</u>  All secured creditors will retain a lien on their collateral except as otherwise provided herein.

(c)    <u>Executory Contracts and Unexpired Leases.</u>  The Debtors hereby assume all executory contracts and unexpired leases concerning the Debtors' farming operations.

(d)    <u>Effective date of the Plan.</u>  The effective date of this plan shall continue to be the date that the United States Bankruptcy Court entered its Order on March 8, 2018 [Doc. 214] confirming Debtors' Third Amended Chapter 12 Plan.

(e)    <u>Vesting of Property.</u>  Upon confirmation of the Plan, all of the property of the Chapter 12 estate shall vest in the Debtors.

(f)    <u>Avoidance of Liens on Exempt Property.</u>  Any and all liens which impair property exempt under Bankruptcy Code § 522(b) and applicable state exemption laws are hereby avoided and the claims held by the lien holders shall be considered Class 3 unsecured claims.

(g)    <u>Prior Claims.</u>  All prior Orders entered by the United States Bankruptcy Court for the Northern District of Alabama in this case are hereby incorporated by reference.

(h)    <u>Unsecured Claims.</u>  Allowed unsecured claims shall mean the holder of an unsecured claim which was timely filed with the United States Bankruptcy Court or to which the Debtors do not object.

**IX.**    **<u>Claims.</u>**  The actual payments to be made under this Plan will be based upon the allowed amount of each claim. The claim amounts reflected herein are estimates based upon information available to the Debtors.  Pursuant to 11 U.S.C.A § 502(b), the allowed amount of each claim will be the amount reflected in the Proof of Claim to which no objection is filed.  If an objection filed by each creditor to a claim is filed, the allowed amount shall be the amount determined by a final order of the Court.

**X.**    **<u>Compliance with Confirmation Requirements.</u>**  The Debtors aver that this Plan complies with all applicable Chapter 12 standards for confirmation, to-wit:

a.    <u>Compliance with Laws and Good Faith.</u>  The Debtors believe that the Plan complies with all provisions of Chapter 12 and any other applicable provisions of the Bankruptcy Code, that the Plan has been proposed in good faith and not by any means forbidden by law, and that all fees, charges or amounts required to be paid before confirmation shall be paid.

11

     b.    <u>Feasibility.</u>  Based upon the projected income and expenditures contained in the Debtors' Chapter 12 Statement, the Debtors believe that they will be able to make all payments required under the Plan.  The Debtors' Annual Farm Plan for four (4) years are attached hereto.  *See* Ex. A.

HARRIS FARMS, LLC
By: Douglas Richie Harris
Its: Managing Member


*/s/ Douglas Richie Harris*
DOUGLAS RICHIE HARRIS

HARRIS TURF, INC.
By: Douglas Richie Harris
Its: Managing Member


*/s/ Douglas Richie Harris*
DOUGLAS RICHIE HARRIS

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

12

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on April 8, 2019, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Tazewell T. Shepard
Chapter 12 Trustee
taze@ssmattorneys.com

Richard Blythe
Bankruptcy Administrator
richard_blythe@alnba.uscourts.gov

All parties requesting notice

All parties on the creditor matrix attached hereto

/s/ *Stuart M. Maples*
STUART M. MAPLES

13

# Income Statement Years 1-4

**Prepared By:**

Owner

**Company Name:**

Harris Farms, LLC

| Revenue | First Year | Second Year | Third Year | Fourth Year |
|---|---|---|---|---|
| Crop Sales Sod | 557,568 | 589,001 | 626,429 | 626,429 |
| Trucking - Turf Delivery | 77,772 | 83,865 | 88,509 | 88,509 |
| Trucking - Tyson Route | 140,000 | 142,100 | 144,942 | 144,942 |
| Product 4 | - | - | - | - |
| Product 5 | - | - | - | - |
| Product 6 | - | - | - | - |
| **Total Revenue** | **$    775,340** | **$    814,966** | **$    859,880** | **$    859,880** |
| **Cost of Goods Sold** | | | | |
| Crop Sales Sod | 216,000 | 228,177 | 242,677 | 242,677 |
| Trucking - Turf Delivery | 54,440 | 58,706 | 61,956 | 61,956 |
| Trucking - Tyson Route | 86,250 | 87,544 | 89,295 | 89,295 |
| Product 4 | - | - | - | - |
| Product 5 | - | - | - | - |
| Product 6 | - | - | - | - |
| **Total Cost of Goods Sold** | **356,690** | **374,426** | **393,927** | **393,927** |
| **Gross Margin** | **418,650** | **440,540** | **465,953** | **465,953** |
| **Payroll** | **98,627** | **100,600** | **102,612** | **102,612** |
| **Operating Expenses** | | | | |
| Advertising | - | - | - | - |
| Car and Truck Expenses | 3,600 | 3,708 | 3,819 | 3,819 |
| Commissions and Fees | - | - | - | - |
| Contract Labor (Administrative and Accounting) | 12,000 | 12,000 | 12,000 | 12,000 |
| Insurance (Farm Liability, Equipment) | 9,900 | 10,197 | 10,503 | 10,503 |
| Legal and Professional Services | 1,100 | 1,133 | 1,167 | 1,167 |
| Licenses & Personal Property Taxes | 500 | 525 | 551 | 551 |
| Telephone, Internet, Cell Phones | 4,500 | 4,635 | 4,774 | 4,774 |
| Office Expense | - | - | - | - |
| Plan Payment | - | - | - | - |
| Repairs and Maintenance Equipment | 18,000 | 18,900 | 19,845 | 19,845 |
| Supplies | 6,000 | 6,180 | 6,365 | 6,365 |
| Equipment Rental- Trailer, Lift, Tractor, Mower, Sprayer | 72,000 | 74,160 | 76,385 | 76,385 |
| Utilities, Propane, Waste Disposal | 18,000 | 18,540 | 19,096 | 19,096 |
| Fuel, Oil, Grease | 9,600 | 9,888 | 10,185 | 10,185 |
| Other Expense 1 | | | | |
| Other Expense 2 | | | | |
| **Total Operating Expenses** | **$    155,200** | **$    159,866** | **$    164,690** | **$    164,690** |
| **Income (EBITDA) Available for Plan Payments** | **$ 164,822** | **$ 180,074** | **$ 198,650** | **$ 198,650** |

**EXHIBIT B**

Richie and Sherry Harris                    Monthly Expenses

| | |
|---|---|
| Groceries | 700.00 |
| Rent | 1000.00 |
| Health Ins | 45.00 |
| Car Payment | 681.61 |
| Fuel | 360.00 |
| Auto upkeep | 210.00 |
| Auto Ins | 225.00 |
| Media-com | 165.00 |
| Daughter College | 800.00 |
| Cell Phone | 95.00 |
| Clothing  gloves, boots, etc. | 115.00 |
| Life Ins | 455.00 |
| Misc household expenses | 325.00 |

$5,176.61

# EXHIBIT C

| Asset | Value | Creditor | Secured Claim | Exemption | |
|---|---|---|---|---|---|
| Real Property - 206.34 Acres | $952,000.00 | Darrin K. Isbell | $850,000.00 | | |
| | | Madison County Coop | $175,000.00 | | |
| 160 Acres Bermuda Sod | $557,568.00 | Citizens Community | $380,561.77 | | |
| Utility Credit Line at FNB Bank | $7,500.00 | | | | |
| Office Furniture | $750.00 | | | $750.00 | |
| Office Fixtures | $500.00 | | | $500.00 | |
| 2000 Wilson Hopper Trailer VIN1W1MCF1A5YB231095 | $15,000.00 | First Jackson Bank | | | |
| 2000 Wilson Hopper Trailer VIN1W1MCF1AOYA230930 | $15,000.00 | FNB | | | |
| 1999 Valley Center Pivot | $15,000.00 | FNB | | | |
| 2011 Valley Center Pivot | $35,000.00 | FNB | | | |
| Land Pride AMF4216 1073733 | | Kubota Credit Co. | $51,495.06 | | |
| Kubota M7060HD 63496 | | Kubota Credit Co. | | | |
| TOTALS: | $1,598,318.00 | | $1,457,056.83 | $1,250.00 | **$140,011.17** |

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

|                              |   |                          |
|------------------------------|---|--------------------------|
| IN RE:                       | ) |                          |
|                              | ) |                          |
| HARRIS FARMS, LLC,[1]         | ) | CASE NO. 17-81562-CRJ12  |
| EIN: XX-XXX8466              | ) | CHAPTER 12               |
|                              | ) |                          |
| Debtor.                      | ) | (Jointly Administered)   |

### CHAPTER 12 PLAN SUMMARY

I.  **ADMINISTRATIVE CREDITOR(S) PAYMENTS**

A.  Creditor: United States Bankruptcy Court for noticing fees & other charges
Amount Owed: estimated to be under $100.00
Interest Rate: None
Payments: Debtor shall tender cash payment in full upon entry of Confirmation Order.
Amount of payment: estimated to be under $100.00
Payment made by:  Trustee ( )  Debtor Direct (X)

B.  Creditor's Name: Tazewell T. Shepard, Chapter 12 Trustee
Amount Owed: estimated to be $20,000.00
Interest Rate:  5% for Compensation; 0.5% for Expenses
Payments: Trustee shall deduct such from payment from Plan deposits as earned.
Payment made by:  Trustee (X)  Debtor Direct ( )

C.  Creditor's Name: Maples Law Firm, PC
Amount Owed: estimated to be $27,500.00 at confirmation; must be approved by the United States Bankruptcy Court.
Interest Rate: None
Payments: Debtor shall tender cash payment in full upon entry of Confirmation Order.
Payment made by:  Trustee (X)  Debtor Direct ( )

II.  **FARMS PRIORITY CREDITOR(S)**

A.  Madison County Tax Collector:  Unpaid Property Tax
Amount owed:  $180.23
Lien:  None
Interest Rate:  None
Payment:  Debtor shall tender cash payment 30 days after confirmation of the Plan.
Payment made by:  Trustee (X)  Debtor Direct ( )

---

[1] In addition to Harris Farms, LLC, the debtors include the following: Harris Turf Inc.; Case No. 17-81563-CRJ12.

1

## III. TURF PRIORITY CREDITOR(S)

A.      Internal Revenue Service:  Unpaid Property Tax

Amount owed:  Approximately $15,016.53

Lien:  None

Interest Rate:  None

Payment:  Debtor shall tender cash payments over sixty (60) months from the date of confirmation, with no interest, until claim is paid in full.  The estimated payment will be $250.28 per month.  However, Turf intends to object to the claim of the IRS.

Payment made by:  Trustee (X)  Debtor Direct ( )

B.      Madison County Tax Collector:  Unpaid Income Tax

Amount owed:  Approximately $882.04

Lien:  None

Interest Rate:  None

Payment:  Debtor shall tender cash payment 30 days after confirmation of the Plan.

Payment made by:  Trustee (X)  Debtor Direct ( )

## IV. FARMS SECURED CREDITOR(S)

A.      Creditor:  Kubota Credit Corporation

Amount Owed:  $51,495.06

Lien:  Security Interest, one (1) Kubota M7060HD 63496, and one (1) Land Pride AMF4216 1073733

Interest Rate:  5.25% per annum fixed rate

Payment:  The Debtor will pay Kubota its allowed claim over the course of sixty (60) months.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Kubota is paid in full.  Kubota shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $977.68 per month.  The Creditor shall retain its lien to the extent of its allowed secured claim.

Payment made by:  Trustee (X)  Debtor Direct ( )

B.      Creditor:  Citizens Community Bank

Amount Owed:  $277,719.61

Lien:  Security Interest, all crops growing, grown and/or stored and the proceeds of the sale thereof.

Interest Rate:  5.25% per annum fixed rate

Payment: The Debtor will pay Citizens Community Bank its allowed claim over the course of two hundred and forty (240) months, in monthly installments.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Citizens Community Bank is paid in full.  Citizens Community Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $1,871.40 per month.  The Creditor shall retain its lien to the extent of its allowed secured claim.

Payment made by:  Trustee (X)  Debtor Direct ( )

2

C.    Creditor:  Citizens Community Bank
Amount Owed:  $102,842.16
Lien:  Security Interest, growing sod on farm located in District 3 of Madison County, Alabama, and all equipment and the proceeds of the sale thereof.
Interest Rate:  5.25% per annum fixed rate
Payment:  The Debtor will pay Citizens Community Bank its allowed claim over the course of two hundred and forty (240) months, in monthly installments.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Citizens Community Bank is paid in full. Citizens Community Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $693.00 per month.  The Creditor shall retain its lien to the extent of its allowed secured claim.
Payment made by:  Trustee (X)  Debtor Direct ( )

D.    Creditor:  First Jackson Bank
Amount Owed:  $15,000.00
Lien:  Security Interest, (1) 2000 Wilson Hopper Trailer, VIN 1W1MCF1A5YB231095.
Interest Rate:  6% per annum fixed rate
Payment:  The Debtor will pay First Jackson Bank its allowed secured claim over the course of forty-eight (48) months, which includes interest at the rate of 6%.  Payments shall continue for the remaining term of the Plan and shall continue until the debt owed to First Jackson Bank is paid in full.  First Jackson Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements.  The estimated payment shall be $352.28 per month.  This payment will be made by the Trustee.  The Creditor shall retain its lien to the extent of its allowed secured claim.
Payment made by:  Trustee (X)  Debtor Direct ( )

E.  Creditor:  Darrin J. Isbell
Amount Owed:  $850,000.00
Lien:    Security Interest, real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and all irrigation equipment, parts, watering systems and their replacements.
Interest Rate:  6.5% per annum fixed rate
Payment:  The Debtor will pay Darrin J. Isbell his Allowed Secured Claim over the course of two hundred and forty (240) months.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Darrin J. Isbell is paid in full.  Darrin J. Isbell shall retain his lien upon this collateral until his Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases.  If fully secured, the Allowed Secured Claim has an estimated payment of $6,337.37 per month.  The Creditor shall retain its lien to the extent of its allowed secured claim.

3

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors. However, Farms, as the operating entity, is anticipated to make these payments. Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Payment made by: Trustee (X) Debtor Direct ( )

F. Creditor: FNB Bank

Amount Owed: $65,000.00

Lien: Security Interest, one (1) 2011 Valley Center Pivot, Serial 10908672; 1999 Valley Center Pivot, Serial 10018142; and one (1) 2000 Wilson Hopper Trailer, VIN 1W1MCF1AOYA230930.

Interest Rate: 6% per annum fixed rate

Payment: The Debtor will pay FNB Bank its allowed secured claim over the course of forty-eight (48) months, which includes interest at the rate of 6%. Payments shall continue for the remaining term of the Plan until the debt owed to FNB Bank is paid in full. FNB Bank shall retain its lien upon this collateral until its debt is paid in full at which time the Debtor may file the appropriate termination statements. The estimated payment shall be $1,526.53 per month. This payment will be made by the Trustee. The Creditor shall retain its lien to the extent of its allowed secured claim.

Payment made by: Trustee (X) Debtor Direct ( )

G. Creditor: Madison County Cooperative, Inc.

Amount Owed: $175,000.00

Lien: real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East.

Interest Rate: 5.25% per annum fixed rate

Payment: The Debtor will pay Madison County Coop its Allowed Secured Claim over the course of two hundred and forty (240) months. Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to the Madison County Coop is paid in full. Madison County Coop shall retain its lien upon this collateral until its Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases. The Allowed Secured Claim has an estimated payment of $1,179.23 per month. The Creditor shall retain its lien to the extent of its allowed secured claim.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors. However, Farms, as the operating entity, is anticipated to make these payments. Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Payment made by: Trustee (X) Debtor Direct ( )

**Each creditor now omitted or modified due to surrender of collateral shall have (60) days to liquidate collateral and amend their respective claims to reflect deficiency balances.**

4

**V.    TURF SECURED CREDITOR(S)**

A.  Creditor:  Darrin J. Isbell

Amount Owed:  $850,000.00

Lien:   Security Interest, real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East; and all irrigation equipment, parts, watering systems and their replacements.

Interest Rate:  6.5% per annum fixed rate

Payment:  The Debtor will pay Darrin J. Isbell his Allowed Secured Claim over the course of two hundred and forty (240) months.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to Darrin J. Isbell is paid in full.  Darrin J. Isbell shall retain his lien upon this collateral until his Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases.  If fully secured, the Allowed Secured Claim has an estimated payment of $6,337.37 per month.  The Creditor shall retain its lien to the extent of its allowed secured claim.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors.  However, Farms, as the operating entity, is anticipated to make these payments.  Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Payment made by:  Trustee (X)  Debtor Direct (  )

B.  Creditor:  Madison County Cooperative, Inc.

Amount Owed:  $175,000.00

Lien:  real property located in Madison County more particularly described as Section 26, Township 3 South, Range 2 East.

Interest Rate:  5.25% per annum fixed rate

Payment:  The Debtor will pay Madison County Coop its Allowed Secured Claim over the course of two hundred and forty (240) months.  Payments shall commence on the first day of the first month following confirmation of the Plan and shall continue thereafter until the debt owed to the Madison County Coop is paid in full.  Madison County Coop shall retain its lien upon this collateral until its Allowed Secured Claim is paid in full at which time the Debtor may file the appropriate termination statements and mortgage releases.  The Allowed Secured Claim has an estimated payment of $1,179.23 per month.  The Creditor shall retain its lien to the extent of its allowed secured claim.

Both Farms and Turf are jointly and severally liable for this debt, and payment is provided for by both Debtors.  However, Farms, as the operating entity, is anticipated to make these payments.  Notwithstanding anything contained in this Plan, Farms and Turf shall not be obligated to duplicate the payment of the Allowed Secured Claim of this creditor.

Payment made by:  Trustee (X)  Debtor Direct (  )

## VI. UNSECURED CLAIMS

Pursuant to 11 U.S.C. § 1222(b)(2), the Debtors elect to modify the rights of the holder of unsecured claims as follows:

A. <u>Unsecured Claims of Farms.</u> This class consists of any pre-petition unsecured claims concerning Farms' farming operation. They include claims of every kind and nature including claims arising from the rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damage claims or open account claims and damages arising from or related to any liquidated or contingent claim. It also includes any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy. The Debtor anticipates that this sum will be approximately $364,343.86.

B. <u>Unsecured Claims of Turf.</u> This class consists of any pre-petition unsecured claims concerning any debt which is filed as a secured claim but, which is allowed as an unsecured claim by the Bankruptcy. The Debtor anticipates that this sum will be approximately $152,078.88. Turf is a passive entity, and therefore has no expectation of future income. The secured portions of the claims will be secured and the Allowed Unsecured Claim will receive $0. The Debtor notes, however, that the unsecured claims in Turf are Isbell and the Coop, which also have the same unsecured claims in Farms, and will receive distributions there.

## VII. ASSUMPTION OF CONTRACTS

<u>Executory Contracts and Unexpired Leases.</u> Debtors propose to assume all executory contracts and unexpired leases not previously rejected.

6

Label Matrix for local noticing
1126-8
Case 17-81562-CRJ12
NORTHERN DISTRICT OF ALABAMA
Decatur
Mon Apr  8 12:40:34 CDT 2019

Citizens Community Bank
c/o Jeffrey L. Cook
P, O. Box 5585
Huntsville, AL 35814-5585

FNB BANK
1535 SOUTH  BROAD STREET
SCOTTSBORO, AL 35768-2608

First Jackson Bank
c/o James T. Baxter III, Esq.
P.O. Box 165
Huntsville, AL 35804-0165

Harris Farms, LLC
2008 Gurley Pike
Gurley, AL 35748-9279

Helena chemical Company
c/o Frank E. Bankston, Jr.
P.O. Box 239
Montgomery, AL 36101-0239

Madison County Cooperative, Inc.
c/o Chad W. Ayres
P. O. Box 2168
Huntsville, AL 35804-2168

Stephens Appraisal Services, LLC
203 Eastside Square, Ste 2
Huntsville, AL 35801-8818

Upfront Holding, LLC
403 Andrew Jackson Way
Huntsville, AL 35801-3631

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

A. Mac Martinson
Martinson & Beason, PC
115 North Side Sq.
Huntsville, AL 35801-4822

AG Direct
PO Box 2409
Omaha, NE 68103-2409

AGCO Finance LLC
PO Box 2000
Johnston, IA 50131-0020

AMERICAN EXPRESS BANK, FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

American Express
PO Box 650448
Dallas, TX 75265-0448

CNH Industrial Capital Ameria, LLC
P.O. Box 3600
New Holland, PA 17604-3600

CNH Industrial Capital America LLC
PO Box 3600, Lancaster, PA 17604-3600

Capital One
PO Box 60599
City of Industry, CA 91716-0599

Capital One
PO Box 60599
North Hollywood, CA 91616

Citizens Community Bank
1418 Dinah Shore Blvd.
Winchester, TN 37398-1112

Darrin K. Isbell
1333 Salty Bottom jRd.
Madison, AL 35758

FNB
206 South First Street
Pulaski, TN 38478

FNB
402 Broad St.
Scottsboro, AL 35768-1706

Farm Credit Services of America, PCA, servic
c/o S. Dagnel Rowe, Wilmer & Lee, P.A.
Huntsville, AL 35801

Frank Smith, Jr.
903 Co. Rd. 421
Cullman, AL 35057-2639

Helena Chemical Company
c/o Frank E. Bankstop, Jr., Esq.
PO Box 239
Montgomery, AL 36101-0239

Herbert H. Bowden
656 Honeycomb Rd.
Grant, AL 35747-9378

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

John Deere Financial
6400 NW 86th St.
PO Box 6600
Johnston, IA 50131-6600

John Deere Financial, f.s.b.
PO Box 6600
Johnston, IA 50131-6600

```
Joyce White Vance                    Kubota Credit Corporation           Kubota Credit Corporation
US Attorney General                  PO Box 2046                         PO Box 9013
1801 4th Ave North                   Grapevine, TX 76099-2046            Addison, Texas 75001-9013
Birmingham, AL 35203-2101


Loretta Lynch US Attorney General    Luther Strange                      Lynda Hall, Tax Collector of Madison CO, AL
US Dept. of Justice                  Alabama Attorney General            100 Northside Square, Room 116
950 Pennsylvania Ave NW              PO Box 300152                       Huntsville, AL 35801-8815
Washington, DC 20530-0009            Montgomery, AL 36130-0152


Madison County Cooperative           Madison County Cooperative, Inc.    Mike Bean
PO Box 68                            483 Jack Thomas Road                5116 Colemont Lane
Hazel Green, AL 35750-0068           Toney, AL 35773-8534                Huntsville, AL 35811-1004


Monsanto Company                     PHI Financial Services, Inc.        PHI Financial Services, Inc.
c/o Parnell & Parnell, P.A.          PO Box 1000                         c/o Parnell & Parnell, P.A.
P.O. Box 2189                        Johnston, IA 50131-9411             P.O. Box 2189
Montgomery, AL 36102-2189                                                Montgomery, AL 36102-2189


State of Alabama                     Tim McCarrell                       Douglas Richie Harris
Department of Revenue Legal Division 2511 Aberdeen Rd.                   138 Autumn Spring Drive
PO Box 320001                        Birmingham, AL 35223-1009           Gurley, AL 35748-9203
Montgomery, AL 36132-0001


Richard M Blythe                     Stuart M Maples                     Stuart M Maples
United States Bankruptcy Administrator Maples Law Firm                   Maples Law Firm, PC
PO Box 3045                          200 Clinton Ave. West, Ste. 1000    200 Clinton Avenue W.
Decatur, AL 35602-3045               Huntsville, AL 35801-4919           Suite 1000
                                                                         Huntsville, AL 35801-4919


Tazewell Shepard
Tazewell Shepard, Trustee
PO Box 19045
Huntsville, AL 35804-9045
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Farm Credit Services of America, PCA, serv   (d)First Jackson Bank              (d)Upfront Holding, LLC
c/o S. Dagnal Rowe`, Wilmer & Lee,              c/o James T. Baxter III, Esq.     403 Andrew Jackson Way
Huntsville                                      P.O. Box 165                      Huntsville, AL 35801-3631
                                                Huntsville, AL  35804-0165


(u)Darrin Isbell                                End of Label Matrix
                                                Mailable recipients    48
                                                Bypassed recipients     4
                                                Total                  52
```